

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4147 | **DATE** | 6-22-11 |
| **CASE TITLE** | | LaMont Allen (M-06107) vs. Hardy | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $7.96 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also issue summons for Defendant Hardy and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

*Charles Norgle*

■ [ For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff, LaMont Allen, an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.96. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff brings suit regarding the living conditions at Stateville. These living conditions include: filthy and unsanitary cells, lack of cleaning supplies to clean the cells, peeling lead paint causing health issues, lack of ventilation, infestation with pests, improper lighting, and a contaminated water supply. Plaintiff alleges that these conditions constitute cruel and unusual punishment under the Eighth Amendment. Plaintiff also alleges that these living conditions constitute a denial of due process and equal protection. However, Plaintiff's allegations due not support either a due process or equal protection claim. Instead, Plaintiff alleges that the deplorable conditions are throughout the jail and that Defendant has not taken any action to correct the conditions throughout the jail. Accordingly, any due process and/or equal protection claims are dismissed. The Defendant must respond to the Eighth Amendment claim.

The United States Marshals Service is appointed to serve the Defendant, Warden Marcus Hardy. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall

## STATEMENT

furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.